UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
GIANELA ALICEA, individually and on behalf
of others similarly situated,

                                          Plaintiff,

             - against -

ARTESANO CAFÉ CORP.  d/b/a ARTESANO
PERUVIAN CUSINE and ROMAN CERVANTES,
DAVID CABRERA, RODRIGO FERNANDINI,
and ATIP ALI, individually,

                                  Defendants.
------------------------------------------------------------------------X

Civil Case No.:

**COMPLAINT**

**FLSA COLLECTIVE ACTION**

       Plaintiff Gianela Alicea ("Plaintiff" or "Alicea"), individually and on behalf of others similarly situated, by and through her attorney, The Law Offices of Jacob Aronauer, complaining of Artesano Café Corp.  d/b/a Artesano Peruvian Cuisine, and Roman Cervantes, David Cabrera, Rodrigo Fernandini, and Atip Ali, individually (the "Individual Defendants") (collectively "Defendants"), alleges the following:

## NATURE OF THE ACTION

       1.    This is a civil action brought by Plaintiff and all other similarly situated non-exempt service staff who worked either in the kitchen or as a server ("Employees") to recover unpaid wages under the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL").

       2.    Plaintiff also brings this action under the New York City Human Rights Law ("NYCHRL") because of Defendants failure to provide paid medical leave.

       3.    Plaintiff also brings this action because of her unlawful termination based upon her disability under the NYCHRL.

       4.    Artesano is owned and operated by the Individual Defendants.

5.     Plaintiff brings this action on behalf of herself, and all similarly situated current and former non-exempt workers who elect to opt-in to this action pursuant to the FLSA and specifically, the collective action provision of 29 U.S.C. § 216(b), to remedy violations of overtime provisions of the FLSA by Defendants.

6.     Plaintiff also brings this action under the Wage Theft Prevention Act for Defendants' failure to provide wage notices and wage statements in violation of NYLL §§ 195 (1) and (3).

7.     Plaintiff seeks injunctive and declaratory relief against Defendants' unlawful actions, compensation for their failure to pay overtime wages and liquidated damages, compensatory damages, pre-judgment and post-judgment interest, and attorneys' fees and costs, pursuant to the FLSA and NYLL.

8.     Plaintiff seeks further damages stemming from Defendant's unlawful termination and failure to provide paid sick leave as required under the NYCHRL.

## JURISDICTION AND VENUE

9.     This Court has jurisdiction over this action under 28 U.S.C. § 1331, 29 U.S.C. §§ 216(b)(c) and 217; and 28 U.S.C. § 1337.

10.     This Court has supplemental jurisdiction over the New York state law claims under the principles of pendent and ancillary jurisdiction.

11.     Venue is proper in this District under 28 U.S.C. § 1391(b)(c), because all or a substantial part of the events or omissions giving rise to the claims occurred in this District.

## PARTIES

**Plaintiff Aliciea**

12.    From on or about May 2024 until on or about May 06, 2025, Alicea worked for Defendants.

13.    From May 2024 through December 2024, Plaintiff worked as a line cook.

14.    From January 2025 through May 6, 2025, Plaintiff worked as both a line cook and waitress.

15.    Alicea was a covered employee within the meaning of the FLSA and the NYLL.

**Artesano Café Corp.  d/b/a Artesano Peruvian Cuisine**

16.    Artesano is a New York entity operating in the restaurant industry, having its principal place of business located at 90 Chambers St Unit A, New York, NY 10007.

17.    At all times relevant to this action, Artesano has been an "enterprise engaged in interstate commerce" within the meaning of the FLSA.

18.    The Individual Defendants are the owners of Artesano.

19.    The Individual Defendants each maintain control, oversight, and direction over Artesano, including its operations and employment practices.

20.    On information and belief, Artesano has (1) employees engaged in commerce or in the production of goods for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and (2) an annual gross volume of sales in excess of $500,000.00.

21.    At all times relevant to this action, Artesano has been an "enterprise engaged in interstate commerce" within the meaning of the FLSA.

**Individual Defendants**

22.    The Individual Defendants are engaged in business in New York County, who are sued individually in their capacity as an owner, officer, manager and/or agent of Artesano.

23.    The Individual Defendants control, oversight and direction over Artesano.

24.    The Individual Defendants exercise sufficient control over the Artesano to be considered Alicea's employer under the FLSA and NYLL, and at all times material hereto the Individual Defendants had the authority to hire and fire and established and maintained policies regarding the pay practices at Artesano.

25.    The Individual Defendants had substantial control over Plaintiff's working conditions and the practices alleged herein.

## FLSA COLLECTIVE ACTION ALLEGATIONS

26.    The claims in this Complaint arising out of the FLSA are brought by Plaintiff on behalf of himself and all other similarly situated persons who are Employees of Defendants since the date three years prior to the filing of this Complaint who elect to opt-in to this action (the "FLSA Collective.")

27.    The FLSA Collective consists of approximately 25 similarly situated current and former Employees who have been victims of Defendants' common policy and practices that have violated the FLSA Collective's rights under the FLSA by, *inter alia*, willfully denying them wages.

28.    Defendants have engaged Plaintiff in unlawful conduct pursuant to a corporate policy of minimizing costs and denying employees legally required compensation. Defendants' unlawful conduct has been intentional, willful and in bad faith, and has caused significant damage to Plaintiff and the FLSA Collective.

29.     The FLSA Collective would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join in the present action. Those similarly situated employees are known to Defendants and are readily identifiable and locatable through Defendants' records. These similarly situated employees should be notified of and allowed to opt-in to ther action, pursuant to 29 U.S.C. § 216(b).

## STATEMENT OF FACTS

### Artesano

30.     Artesano Peruvian Cuisine operates in the restaurant industry and is part of the Artesano Group, which owns and operates dining establishments in New York, and also provides catering and related food services.

31.     Artesano is located in Tribeca, New York.

32.     On information and belief, Artesano employs more than 30 individuals.

### Alicea's Employment with Defendants

33.     As noted earlier, from on or about May 2024 until May 6, 2025, Alicea worked for Defendants.

34.     From May 2024 through December 2024, Plaintiff worked as a line cook.

35.     During this time period, Plaintiff worked six days a week.

36.     Plaintiff frequently worked more than 40 hours per week, yet Defendants failed to pay her overtime at one and one-half times her regular rate.

37.     Plaintiff was required to clock in and out for all shifts, including for lunch breaks.

38.     Even when Plaintiff did not take a lunch break, Defendants deducted 30 minutes from her hours worked each day. *See* Exhibit A (paystub and time record for the pay period of September 9–15, 2024).

39.    Plaintiff was paid at a rate of $22 per hour for her work as a line cook.

40.    When Plaintiff worked 40 hours or less in a week, her paystubs listed an hourly rate along with the hours worked.

41.    When Plaintiff worked more than 40 hours in a week, her paystubs instead reflected a fixed salary amount, rather than the actual hours worked. *See* Exhibit B (paystub and time record for the pay period of 11/18/24 -11/24/2024).

42.    For this week Plaintiff worked more than 40 hours but was not paid time and one half for overtime work in compliance with the FLSA and the NYLL.

43.    From January 2025 throughout May 2025, Plaintiff worked as a line cook and a waitress.

44.    During this period, Plaintiff worked six days per week and frequently exceeded 40 hours per week.

45.    Defendants continued to pay Plaintiff for overtime hours at her regular rate of pay instead of the required time and one-half.

46.    For Plaintiff's waitress work, Plaintiff received paystubs showing approximately 28 hours per week at $11 per hour plus tips, paid by check.

47.    For Plaintiff's line cook work, Plaintiff was paid $22 per hour via Zelle. These payments were not included on her paystubs.

**Plaintiff's is Unlawfully Terminated**

48.    On May 6, 2025, Plaintiff notified Defendant Cervantes by text message that her doctor had restricted her from working until May 10, 2025, due to a sciatic nerve condition.

49.    Plaintiff also provided Defendant Cervantes with a doctor's note.

50.    Defendant Cervantes instructed Plaintiff to take the entire week off.

51.     On May 13, 2025, Plaintiff informed Defendant Cervantes by text message that her doctor said she could not work until May 17, 2025. *See* Exhibit C.

52.     In addition, Plaintiff provided Defendant Cervantes a doctor's note. *See* Exhibit C.

53.     In response, Defendant Cervantes expressed frustration because Plaintiff's illness complicated the operations of the restaurant.  *See* Exhibit D.

54.     Plaintiff explained to Defendant Cervantes that her doctor only saw patients on Tuesdays and that, although she wished to return to work, her doctor instructed her not to perform any physical effort because it could worsen her condition.  *See* Exhibit D.

55.     On or about May 13, 2025, Plaintiff asked Cervantes for assistance in using her statutory sick leave and in applying for New York State Disability Benefits.

56.     Cervantes dismissed her inquiry, telling her "he did not know what she was talking about," even though Defendants deducted wage contributions from her paychecks for Disability and Paid Family Leave programs.  *See* Exhibit B.

57.     On May 27, 2025, after receiving no assistance from Cervantes, Plaintiff contacted Defendant David Cabrera, by text message.

58.     In that message, Plaintiff explained her medical situation, informed Cabrera that she had a medical appointment that day for x-rays and asked for help applying for disability benefits.  *See* Exhibit E.

59.     Cabrera instructed Plaintiff to send documentation by email.

60.     Plaintiff sent notice to Cabera via e-mail.

61.     Defendants, though, never responded to this e-mail.

62.     Plaintiff sent subsequent correspondence to Cabrera by text and email but Defendants never responded.   *See* Exhibit F.

63.    On June 10, 2025, Plaintiff was removed from the employee WhatsApp group.

64.    Plaintiff never received paid sick leave or any assistance in accessing her disability benefits.

65.    On or about June 27, 2025, Plaintiff informed Defendants she was ready to return to work.

66.    Defendants responded that they "did not have anything for her at the moment."

67.    Plaintiff was unlawfully terminated for being disabled and seeking paid leave.

**Defendants' Violations of the Wage Theft Prevention Act**

68.    The NYLL and the WTPA require employers to provide all employees with a written notice of wage rates.

69.    The WTPA was enacted to safeguard an employee's concrete interest in being paid what they are owed under the NYLL.

70.    Specifically, the WTPA's wage notice and wage statement provisions are intended to protect employees' broader right to receive accurate information about their pay, including their regular and overtime rates, hours worked, and all deductions.

71.    Throughout the relevant time period, Defendants paid Plaintiff wages without providing accurate wage statements.

72.    For example, Defendants issued paystubs for Plaintiff's waitress work that failed to include her line cook hours, which were paid separately via Zelle without any corresponding wage statement.

73.    In other instances, Defendants issued paystubs reflecting a flat "salary" payment instead of the actual number of hours worked, failing to disclose overtime hours and rates.

74. As a result, Plaintiff never received wage statements listing her correct overtime rate, the correct number of regular and overtime hours worked, gross wages, deductions, allowances (if any) claimed as part of the minimum wage, and net wages, as required by law.

75. Defendants also failed to provide Plaintiff with a proper wage notice at the time of hiring. Plaintiff was never given a notice containing her rate or rates of pay and the basis thereof; whether paid by the hour, shift, day, week, salary, piece, commission, or otherwise; any allowances claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business and mailing address if different; and the employer's telephone number.

## FIRST CAUSE OF ACTION
### Unpaid Overtime Wages in Violation of the Fair Labor Standards Act
### (On Behalf of Plaintiff and the FLSA Collective)

76. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

77. The overtime wage provisions set forth in the FLSA, 29 U.S.C. §§ 201 *et seq*., and the supporting federal regulations, apply to Defendants and protect Plaintiff and the FLSA Collective.

78. Defendants willfully failed to pay Plaintiff and the FLSA Collective the appropriate overtime premiums for all hours worked in excess of 40 hours per work week, as required by the FLSA, 29 U.S.C. §§ 201 *et seq*., and the supporting federal regulations.

79. Defendants' unlawful conduct, as described in the Complaint, has been willful and intentional. Defendants are aware or should have been aware that the practices described in the

Complaint were unlawful. Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiffs and the FLSA Collective.

80.     Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. §§ 201 *et seq*.

81.     As a result of Defendants' willful violations of the FLSA, Plaintiff and the FLSA Collective have been deprived of overtime compensation in amounts to be determined at trial, and is entitled to recovery of such amounts, liquidated damages, pre-judgment interest, attorney's fees, costs and other compensation pursuant to 29 U.S.C. §§ 201 *et seq*.

**SECOND CAUSE OF ACTION**
**Unpaid Overtime Wages in Violation of New York Labor Law**
**(On Behalf of Plaintiff)**

82.     Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

83.     At all times relevant to the action, Plaintiff was employed by Defendants within the meaning of NYLL §652 and 12 NYCRR §142-2.2.

84.     Defendants failed to pay Plaintiff the overtime premium of one and one-half times the regular hourly rate of pay for all hours worked in excess of 40 hours per week, in violation of the NYLL.

85.     Through their knowing or intentional failure to pay Plaintiff overtime wages for hours worked in excess of 40 hours per work week, Defendants have willfully violated the NYLL, Article 19, §§ 650 et seq., and the supporting New York State Department of Labor Regulations.

86.     Due to Defendants' willful violations of the NYLL, Plaintiff is entitled to recover from Defendants her unpaid overtime wages, liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs and pre-judgment and post-judgment interest.

**THIRD CAUSE OF ACTION**
**New York Labor Law – Failure to Provide Spread of Hours Pay**
**(On Behalf of Plaintiff)**

87.     Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

88.     At all times relevant to this action, Plaintiff was employed by Defendants within the meaning of NY Labor Law § 652 and 12 NYCRR §142-2.2.

89.     Throughout her employment, Plaintiff frequently worked ten hours or more in a workday.

90.     Defendants willfully failed to compensate Plaintiff with an extra hour's pay at the basic New York minimum hourly wage rate on days in which the length of her workday was more than ten hours, as required by New York law.

91.     As a result of Defendants' NY Labor Law violations, Plaintiff is entitled to recover from Defendants' unpaid spread of hours and liquidated (double) damages, as well as reasonable attorneys' fees and the costs of this action, including interest, pursuant to the NY Labor Law.

**FOURTH CAUSE OF ACTION**
**New York Labor Law-Failure to Pay Wages under NYLL § 663**
**(Brought on behalf of Plaintiff)**

92.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

93.     At all relevant times, Plaintiff was an "employee" within the meaning of the New York Labor Law.

94.     Similarly, at all relevant times, Defendants, including the individually named Defendants, were "employers" within the meaning of the New York Labor Law.

11

95.     Defendants failed to pay Plaintiff for her earned wages for the period of time in question.

96.     Defendants' failure to pay Plaintiff her earned wages was willful and not based on any good faith belief of compliance with the New York Labor Law § 663, et seq.

97.     As a result of the foregoing, Plaintiff has been denied wages required under New York Labor Law § 663 et seq. and is entitled to an award of unpaid wages in an amount to be determined at trial, plus liquidated damages, prejudgment interest and reasonable attorney fees and costs.

**FIFTH CAUSE OF ACTION**
**Failure to Provide Annual Wage Notices in Violation of New York Labor Law**
**(On Behalf of Plaintiff)**

98.     Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

99.     Defendants have willfully failed to supply Plaintiff with wage notices, as required by NYLL, Article 6, § 195(1), in English or in the language identified by Plaintiff as her primary language, containing Plaintiff's rate or rates of pay and basis thereof, whether paid by the hour, shift, day week, salary, piece, commission, or other; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the regular payday designated by the employer in accordance with NYLL, Article 6, § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary.

100.    Through their knowing or intentional failure to provide Plaintiff with the wage notices required by the NYLL, Defendants have willfully violated NYLL, Article 6, §§ 190 et seq.,

and the supporting New York State Department of Labor Relations. Due to Defendants' willful

violations of NYLL, Article 6, § 195(1), Plaintiff is entitled to statutory penalties of fifty dollars

for each workday that Defendants failed to provide Plaintiff with wage notices, or a total of five

thousand dollars each, reasonable attorney's fees, costs and injunctive and declaratory relief, as

provided for by NYLL, Article 6, § 198(1-b).

**SIXTH CAUSE OF ACTION**
**Failure to Provide Wage Statements in Violation of New York Labor Law**
**<u>(On Behalf of Plaintiff)</u>**

101.    Plaintiff re-alleges and incorporates by reference all allegations in all preceding

paragraphs.

102.    Defendants have willfully failed to supply Plaintiff with accurate statements of

wages as required by NYLL, Article 6, § 195(3), containing the dates of work covered by that

payment of wages; name of employee; name of employer; address and phone number of employer;

rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece,

commission, or other; gross wages; hourly rate or rates of pay and overtime rate or rates of pay if

applicable; the number of hours worked, including overtime hours worked if applicable;

deductions; and net wages.

103.    Through their knowing or intentional failure to provide Plaintiff with the wage

statements required by the NYLL, Defendants have willfully violated NYLL, Article 6, §§ 190 et

seq., and the supporting New York State Department of Labor Regulations.

104.    Due to Defendants' willful violations of NYLL, Article 6, § 195(3), Plaintiff is

entitled to statutory penalties of two hundred and fifty dollars for each workday that Defendants

failed to provide Plaintiff and the Class Members with accurate wage statements, or a total of five

13

thousand dollars, reasonable attorney's fees, costs and injunctive and declaratory relief, as provided for by NYLL, Article 6, § 198(1-d).

## SEVENTH CAUSE OF ACTION
### Discrimination Under The New York Human Rights Law
### (On Behalf of Plaintiff)

105.    Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

106.    The New York City Administrative Code Title 8 § 8-107(1)(a) provides it is an unlawful discriminatory practice "[f]or an employer…because of…disability…to discharge from employment such person or to discriminate against such person in compensation or in terms, conditions or privileges of employment.

107.    Defendants engaged in an unlawful discriminatory practice in violation of the NYC Administrative Code when they terminated her in response to her disability.

## EIGHTH CAUSE OF ACTION
### Failure To Provide Sick Leave Under The Earned Safe and Sick Time Act
### (On Behalf of Plaintiff)

108.    Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

109.    Chapter 8 of the New York City Administrative Code (Earned Safe and Sick Time Act) and New York State Labor Law § 196-b required Defendants to provide Plaintiff with paid sick leave.

110.    Defendants, though, did not provide Plaintiff with any sick leave after her illness.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of all other similarly situated persons, respectfully request that the Court grant the following relief:

(a) Designation of their action as a collective action on behalf of the FLSA Collective Members (asserting FLSA claims and state claims) and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of their action, and permitting them to assert timely FLSA claims and state claims in their action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b)

(b) Damages for the unpaid wages due to Plaintiff and the FLSA Collective, in an amount to be determined at the trial of the action, along with liquidated damages as provided by the FLSA;

(c) Damages for the unpaid wages due to Plaintiff, in an amount to be determined at the trial of the action, along with liquidated damages as provided by the NYLL;

(d) Liquidated damages for failure to timely make payment pursuant to the NYLL;

(e) Damages for failure to make all required payments pursuant to the NYLL;

(f) Issuance of a declaratory judgment that the practices complained of in the Complaint are unlawful under the NYLL, Article 6, § 198;

(g) Statutory penalties of fifty dollars for each workday that Defendants failed to provide Plaintiff with a wage notice, or a total of five thousand dollars, as provided for by NYLL, Article 6 § 198;

(h) Statutory penalties of two hundred and fifty dollars for each workday that Defendants failed to provide Plaintiff with accurate wage statements, or a total of five thousand dollars, as provided for by NYLL, Article 6 § 198;

(i) Damages stemming from Defendants' violations of the NYCHRL and

(j) For pre-judgment and post-judgment interest on the foregoing amounts;

(k) For the costs and disbursements of the action, including attorney's fees; and,

(l)  For such other further and different relief as the Court deems just and proper.

Dated: October 27, 2025
New York, New York

**THE LAW OFFICES OF JACOB ARONAUER**

By:  _/s/ Jacob Aronauer_
Jacob Aronauer,
250 Broadway, Suite 600
New York, NY 10007
(212) 323-6980
jaronauer@aronauerlaw.com

_Attorney for Plaintiff_

# EXHIBIT A

## RDA ASSOCIATES CORP.

**1713**

Employee
GIANELA X ALICEA, 3397 FULTON STREET, BROOKLYN, NY 11208

SSN
***-**-6330
Pay Period: 09/09/2024 - 09/15/2024

Pay Date: 09/15/2024

| Earnings and Hours | Hours | Rate | Current | YTD Amount |
|---|---|---|---|---|
| Salary | | | 989.56 | 2,959.22 |
| Hourly | | | 0.00 | 6,960.43 |
| Overtime | | | 0.00 | 55.00 |
| | | | 989.56 | 9,974.65 |

| | Accrued | Used | Available |
|---|---|---|---|
| Vacation | | | |
| Current | 0.00 | | 3:32 |
| YTD | | | |

| Taxes | Current | YTD Amount |
|---|---|---|
| NY - City Resident | -33.97 | -334.04 |
| NY - Paid Family Leave | -3.69 | -37.21 |
| Medicare Employee Addl Tax | 0.00 | |
| Federal Withholding | -100.00 | -995.00 |
| Social Security Employee | -61.35 | -618.43 |
| Medicare Employee | -14.35 | -144.63 |
| NY - Withholding | -43.43 | -427.61 |
| NY - Disability Employee | -0.60 | -6.60 |
| | -257.39 | -2,563.52 |

| | Current | YTD |
|---|---|---|
| Net Pay | 732.17 | 7,411.13 |

| Sick | Accrued | Used | Available |
|---|---|---|---|
| Current | 0.00 | 0.00 | 3:32 |
| YTD | 0:00 | | |

RDA ASSOCIATES CORP, 90 CHAMBERS STREET, NY 10007

Powered by **Intuit Payroll**

---

## RDA ASSOCIATES CORP.

**1713**

Employee
GIANELA X ALICEA, 3397 FULTON STREET, BROOKLYN, NY 11208

SSN
***-**-6330
Pay Period: 09/09/2024 - 09/15/2024

Pay Date: 09/15/2024

| Earnings and Hours | Hours | Rate | Current | YTD Amount |
|---|---|---|---|---|
| Salary | | | 989.56 | 2,959.22 |
| Hourly | | | 0.00 | 6,960.43 |
| Overtime | | | 0.00 | 55.00 |
| | | | 989.56 | 9,974.65 |

| | Accrued | Used | Available |
|---|---|---|---|
| Vacation | | | |
| Current | 0.00 | | 3:32 |
| YTD | | | |

| Taxes | Current | YTD Amount |
|---|---|---|
| NY - City Resident | -33.97 | -334.04 |
| NY - Paid Family Leave | -3.69 | -37.21 |
| Medicare Employee Addl Tax | 0.00 | |
| Federal Withholding | -100.00 | -995.00 |
| Social Security Employee | -61.35 | -618.43 |
| Medicare Employee | -14.35 | -144.63 |
| NY - Withholding | -43.43 | -427.61 |
| NY - Disability Employee | -0.60 | -6.60 |
| | -257.39 | -2,563.52 |

| | Current | YTD |
|---|---|---|
| Net Pay | 732.17 | 7,411.13 |

| Sick | Accrued | Used | Available |
|---|---|---|---|
| Current | 0.00 | 0.00 | 3:32 |
| YTD | 0:00 | | |

RDA ASSOCIATES CORP, 90 CHAMBERS STREET, NY 10007

Powered by **Intuit Payroll**



SWITCH USER

| Date | Job | In | Out | Hours |
|------|-----|-----|-----|-------|
| 9/10 | Cook | 3:42 PM | 11:52 PM | 8.16 |
| 9/12 | Cook | 10:46 AM | 4:34 PM | 5.79 |
| 9/12 | Cook | 5:02 PM | 10:52 PM | 5.84 |
| 9/13 | Cook | 3:45 PM | 2:24 AM | 10.64 |
| 9/14 | Cook | 4:30 PM | 1:21 AM | 8.83 |
| 9/15 | Cook | 3:30 PM | 11:12 PM | 7.71 |

Total Hours Worked: 46.97

Clock In                              Done

# EXHIBIT B

**2036**

| Employee | | | | | SSN |
|---|---|---|---|---|---|
| GIANELA X ALICEA, 3397 FULTON STREET, BROOKLYN, NY 11208 | | | | | ***-**-6330 |

Pay Period: 11/18/2024 - 11/24/2024          Pay Date: 11/24/2024

| Earnings and Hours | Hours | Rate | Current | YTD Amount |
|---|---|---|---|---|
| Salary | | | 1,123.98 | 10,703.51 |
| Hourly | | | 0.00 | 8,622.53 |
| Overtime | | | 0.00 | 55.00 |
| | | | 1,123.98 | 19,381.04 |

| | Accrued | Used | Available |
|---|---|---|---|
| Vacation | | | |
| Current | 0:00 | | 3:56 |
| YTD | | | |

| Taxes | Current | YTD Amount |
|---|---|---|
| NY - City Resident | -39.82 | -652.44 |
| NY - Paid Family Leave | -4.19 | -72.29 |
| Medicare Employee Addl Tax | 0.00 | |
| Federal Withholding | -127.00 | -1,954.00 |
| Social Security Employee | -69.68 | -1,201.62 |
| Medicare Employee | -16.30 | -281.03 |
| NY - Withholding | -50.82 | -834.96 |
| NY - Disability Employee | -0.60 | -12.60 |
| | -308.41 | -5,008.94 |

| Net Pay | 815.57 | 14,372.10 |
|---|---|---|

| Sick | Accrued | Used | Available |
|---|---|---|---|
| Current | 0:00 | 0:00 | 3:56 |
| YTD | 0:00 | | |

RDA ASSOCIATES CORP, 90 CHAMBERS STREET, NY 10007

Powered by **Intuit Payroll**

---

## RDA ASSOCIATES CORP.

**2036**

| Employee | | | | | SSN |
|---|---|---|---|---|---|
| GIANELA X ALICEA, 3397 FULTON STREET, BROOKLYN, NY 11208 | | | | | ***-**-6330 |

Pay Period: 11/18/2024 - 11/24/2024          Pay Date: 11/24/2024

| Earnings and Hours | Hours | Rate | Current | YTD Amount |
|---|---|---|---|---|
| Salary | | | 1,123.98 | 10,703.51 |
| Hourly | | | 0.00 | 8,622.53 |
| Overtime | | | 0.00 | 55.00 |
| | | | 1,123.98 | 19,381.04 |

| | Accrued | Used | Available |
|---|---|---|---|
| Vacation | | | |
| Current | 0:00 | | 3:56 |
| YTD | | | |

| Taxes | Current | YTD Amount |
|---|---|---|
| NY - City Resident | -39.82 | -652.44 |
| NY - Paid Family Leave | -4.19 | -72.29 |
| Medicare Employee Addl Tax | 0.00 | |
| Federal Withholding | -127.00 | -1,954.00 |
| Social Security Employee | -69.68 | -1,201.62 |
| Medicare Employee | -16.30 | -281.03 |
| NY - Withholding | -50.82 | -834.96 |
| NY - Disability Employee | -0.60 | -12.60 |
| | -308.41 | -5,008.94 |

| Net Pay | 815.57 | 14,372.10 |
|---|---|---|

| Sick | Accrued | Used | Available |
|---|---|---|---|
| Current | 0:00 | 0:00 | 3:56 |
| YTD | 0:00 | | |

# EXHIBIT C

3:25

< 34     **Roman Artesano**        

**Mon, May 12**

Hola Román, buenas tardes, hoy día irá mi amiga Kimberly a recoger mis cheques entre las 3 y 4 pm ya que aún estoy en reposo, muchas gracias    12:58 PM ✓✓

**Tue, May 13**

Buenas noches roman, el día de hoy fui al doctor nuevamente ya que el dolor persiste de manera intensa aún. No puedo mantenerme de pie mucho tiempo, y la doctora indicó que aún no puedo trabajar y tengo que seguir en reposo. Aqui te adjunto la carta del doctor, espero comprendas, muchas gracias.    7:53 PM ✓✓



# EXHIBIT D

3:25

‹ 34    Roman Artesano



7:54 PM ✓✓

Que tal Gianela porque esperar hasta un dia antes, de tu primer shift !!
La otra semana que viene tambie pediste unos Dias esto ya complica mucho las operaciones del restaurante    8:51 PM

Porque yo tenía en mente ir a trabajar así tenga el dolor, yo tampoco estoy tan tranquila sin tener ningún ingreso, pero la doctora me ha prohibido hacer algún tipo de esfuerzo ya que podría empeorar mi situación y mis controles con la doctora son los martes así que es por eso que a penas la doctora me dice algo, yo te lo comunico    9:38 PM ✓✓

Fri, May 16

# EXHIBIT E

11:31

‹ 34    David Cabrera

**Tue, May 27**

🔒 Messages and calls are end-to-end encrypted. Only people in this chat can read, listen to, or share them. **Learn more**

Hola David, buenas tardes, te escribe Gianela, no sé si tienes conocimiento que no he podido asistir a trabajar hace ya más de 3 semanas por motivos de salud, no puedo cargar peso ni puedo estar parada mucho tiempo, estoy yendo a terapia, espero una vez esté mejor pueda reincorporarme al equipo nuevamente.

Al no tener ahorita ingresos quería hacer uso de mis días de enfermedad y mis días de vacaciones por el tiempo que estuve en cocina. Román tiene la constancia médica desde el primer día ya que le envié varios mensajes y aún no me responde.

Quería también solicitarte el formato de notificación y prueba de reclamo por beneficios por discapacidad ya que el doctor me dijo que se lo debo pedir a ustedes. Muchas gracias David.

3:26

‹ 34    David Cabrera

dijo que se lo debo pedir a ustedes. Muchas gracias David, quedo atenta. 4:38 PM ✓✓

Hola Gianela, no estaba enterado espero te mejores pronto. segun tengo entendido estabas de vacaciones. no se a que tipo de formato se refiere tu doctor.
Edited 4:41 PM

please enviame un email a David@artesanogrp. com con lo que necesitas y estare feliz de ayudarte si esta en mis manos, con los dias de enfermedad debe enviarme prueba de que estas enferma tu ingreso al hospital seria util. 4:51 PM

Déjame consultarle de nuevo, justo hoy tengo cita para unos rayos-x. Si, yo había solicitado esos días de vacaciones con Román pero lastimosamente no pude viajar por esta complicación. Te enviaré el correo, muchas gracias 4:58 PM ✓✓

Mon, Jun 2

Buenas tardes David, te mandé el

# EXHIBIT F

3:26

**‹ 34**   David Cabrera

Tue, May 27

Buenas tardes David, te mandé el correo como me indicaste, que seguiría ahora ?
7:28 PM ✓✓

Tue, Jun 3

Buenos días lo reviso al llegar a la offcina
7:10 AM

Buenos días David, muchas gracias
8:44 AM ✓✓

Wed, Jun 4

Buenas tardes David, necesito el pago de la semana de vacaciones y de enfermedad, como sabrás no estoy trabajando y no tengo ingresos. Por otro lado, hay un formulario que el restaurante tiene que llenar para poder recibir mis beneficios de disability, te lo envío
7:11 PM ✓✓



**Introduction to the Disability Benefits Law**
wcb.ny.gov

3:26

< 34    **David Cabrera**

que llenar para poder recibir mis
beneficios de disability, te lo envío

7:11 PM ✓✓



**Introduction to the Disability Benefits Law**

wcb.ny.gov

https://www.wcb.ny.gov/content/main/DisabilityBenefits/employee-disability-benefits.jsp#:~:text=The%20Disability%20and%20Paid%20Family%20Leave%20Benefits,in%20the%20course%20of%20employment%20(WCL%20§204).&text=is%2050%20percent%20of%20your%20average%20weekly%20wage%20for%20the%20last%20eight%20weeks%20worked.

7:11 PM ✓✓

Ese es el link    7:11 PM ✓✓



**New York State Disability Benefits**
**STATEMENT OF RIGHTS**

NEW YORK STATE | Workers' Compensation Board

If you are unable to work due to a non-occupational illness or injury,
you may be entitled to disability benefits.

1. You may be entitled to statutory disability benefits for a non-work-related injury or illness (including disability due to pregnancy) beginning with the eighth consecutive day of disability. Disability benefits are paid **directly to you** by your employer's insurer, **not** through your employer, unless your employer is an approved self-insurer. You can take up to 26 weeks of disability at 50% of your average weekly wage, capped at $170 per week. Generally, your average weekly wage is the average of your last eight weeks of pay prior to starting disability. Your employer or union may

 **db271s.pdf**

1 page • 78 KB • pdf

https://www.wcb.ny.gov/content/main/forms/db271s.pdf

7:13 PM ✓✓

3:26

‹ 34   David Cabrera

Ese es el link   7:11 PM ✓✓

**New York State Disability Benefits**
**STATEMENT OF RIGHTS**                    NEW YORK STATE | Workers' Compensation Board

**If you are unable to work due to a non-occupational illness or injury, you may be entitled to disability benefits.**

1. You may be entitled to statutory disability benefits for a non-work-related injury or illness (including disability due to pregnancy) beginning with the eighth consecutive day of disability. Disability benefits are paid **directly to you** by your employer's insurer, **not** through your employer, unless your employer is an approved self-insurer. You can take up to 26 weeks of disability at 50% of your average weekly wage, capped at $170 per week. Generally, your average weekly wage is the average of your last eight weeks of pay prior to starting disability. Your employer or union may

📄 **db271s.pdf**
1 page • 78 KB • pdf

https://www.wcb.ny.gov/content/main/forms/db271s.pdf   7:13 PM ✓✓

**Thu, Jun 5**

Buenas tardes David, te volví a mandar otro correo con una solicitud, espero tu respuesta, gracias   6:41 PM ✓✓

---

Ⓖ **me** 6:41 PM   ↩ ⋯
to David ⌄

Buenas tardes David, te mando este formulario ya que quiero aplicar para una licencia de la FMLA, quedo atenta a tu respuesta, muchas gracias
https://www.dol.gov/sites/dolgov/files/WHD/legacy/files/WH-381-es.pdf

---

Ⓜ **Mail Delivery Subsystem** 6:41 PM
El mensaje se ha bloqueado Tu mensaje pa...

---

Ⓖ **me** 6:43 PM
---------- Forwarded message --------- F...

---

**Mail Delivery Subsyst...** 6:44 PM   ↩ ⋯

+